**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| FRANKLIN ALLEN and WAYNE BRYERS, | ) ) ) | |
| Plaintiffs, | ) ) ) | No. 6:13-CV-03448-NKL |
| v. | ) ) | |
| ATAIN SPECIALTY INSURANCE COMPANY and JOHN FRANK, | ) ) ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is Plaintiff Franklin Allen's motion to remand this case to state court. [Doc. # 4]. For the reasons set forth below, Allen's motion is DENIED.

**I.     Background**

This case principally concerns whether coverage exists under an insurance policy Defendant Atain Specialty Insurance Co. ("Atain") issued to John Frank, d/b/a The Sheridan Apartments, for an incident involving Plaintiffs Franklin Allen and Wayne Bryers that occurred on the premises of The Sheridan Apartments. During the incident in question, Allen was injured by the discharge of a handgun held by Bryers. Both Allen and Bryers maintain that coverage exists under the policy. Atain is a Michigan corporation with its principal place of business in Michigan. Both Bryers and Frank are residents of Missouri and Frank is a resident of California.

On October 22, 2012, Atain initiated a declaratory judgment action on the issue of coverage in this Court. On December 4, 2012, Allen filed a petition for declaratory judgment on the issue of coverage against Bryers and Atain, as well as a petition for damages against Bryers, in Missouri state court. On March 15, 2013, this Court abstained from hearing Atain's declaratory judgment action due to the parallel proceeding in state court and dismissed the case, subject to being reopened by either party within thirty days of any order dismissing Allen's petition for declaratory judgment.

Allen later amended his petition for declaratory judgment to include Frank as a defendant. However, Allen never served Frank with the amended petition. Bryers and Atain also filed competing cross-claims against one another on the issue of coverage. In addition, Atain filed a cross-claim against Frank and a counter-claim against Allen. On July 25, 2013, Atain's motion to dismiss Allen's petition for declaratory judgment was denied. Judgment on Allen's petition for damages was ultimately entered in the amount of sixteen million dollars in favor of Allen and against Bryers.

On September 23, 2013, Atain moved to realign Bryers and Frank as plaintiffs in Allen's declaratory judgment action. During argument on the motion to realign, Frank's attorney expressed his opinion that Frank "did not have a dog in the fight on the coverage issue" and asked that Frank remain a defendant because he was not seeking any affirmative relief. On November 21, 2013, the state court granted Atain's motion to realign the parties, holding "that the current alignment of the parties is contrary to their shared interests and that realignment of the parties is necessary to reflect the parties' real

interests." This decision did not otherwise indicate precisely how the parties were to be realigned.

On November 27, 2013, six days after the state court realigned the parties, Atain removed this case to federal court on the basis of diversity jurisdiction. Atain's notice of removal named Allen and Bryers as plaintiffs and itself and Frank as defendants. Atain's notice of removal stated that Frank consented to removal and Atain filed Frank's written consent to removal on January 6, 2014.

## II. Discussion

The sole question presented on this motion is whether Atain properly removed this case. It is undisputed that Allen and Bryers are Missouri citizens, Frank is a California citizen, and Atain is a citizen of Michigan. It is also undisputed that the amount in controversy exceeds $75,000.00. Consequently, if the current alignment of the parties is proper, diversity jurisdiction exists. *See* 28 U.S.C. § 1332(a).

Allen does not dispute that he and Bryers, both of whom have an interest in a finding that coverage exists under the policy at issue, are properly aligned as plaintiffs. Instead, Allen focuses principally on Frank, arguing that the state court also aligned Frank as a plaintiff and that Frank was fraudulently joined. The latter argument is somewhat perplexing, in light of the fact that Frank is only a party to this case because Allen amended his state court petition to add Frank as a defendant. *See* [Doc. # 1-4 at 1-2]. In any event, because Frank is the sole California citizen named in this case, his alignment and presence in this action is immaterial to the existence of diversity jurisdiction. Even if Frank was realigned as a plaintiff or dismissed from this case,

complete diversity would still exist. Although the parties appear to agree that Frank is a nominal defendant, neither Allen nor Atain has requested that Frank be dismissed from this case. Considering that Frank does not contend that coverage exists and Frank's request that he be permitted to remain a defendant because he does not seek any affirmative relief, there is no cause to disturb the current alignment of the parties. *See Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 870 (8th Cir. 1966) ("It is the duty of the federal courts . . . to arrange the parties according to their sides in the dispute."). As complete diversity exists and the amount in controversy exceeds the jurisdictional minimum, the requirements for diversity jurisdiction are satisfied.

Allen also makes a number of arguments that purport to challenge Atain's standing. In this respect, Allen appears to confuse standing, which concerns whether the plaintiff has stated a justiciable claim, *e.g.*, *Iowa League of Cities v. E.P.A.*, 711 F.3d 844, 869 (8th Cir. 2013), and a defendant's statutory right to removal. The apparent basis for Allen's standing argument is that Atain is not a later-served defendant for the purposes of determining the timeliness of removal. *See* § 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."). However, Atain's notice of removal was not predicated on Atain being a later-served defendant.

Rather, Atain removed this case pursuant to section 1446(b)(3), [Doc. # 1 at 3], which provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, . . . of a copy of an . .

. order . . . from which it may first be ascertained that the case is one which is or has become removable." The state court's order realigning the parties, regardless of whether it realigned Frank as well as Bryers, created complete diversity where diversity previously did not exist. Atain removed this case six days after the state court realigned the parties and within one year from the commencement of the state court action. Accordingly, Atain's removal was timely. *See* §§ 1446(b), (c).

Allen also appears to contest whether Frank consented to removal. Atain's notice of removal stated that Frank had consented to removal, but neither Frank nor his attorney signed this document and Frank's written consent to removal was not filed until January 6, 2014. [Doc. # 6-1 at 1]. Although this raises a question as to the timeliness of Frank's consent to removal, timely consent by a nominal defendant is not required for removal. *E.g.*, *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002) ("Where there are multiple defendants, all must join in a petition to remove within thirty days of service. . . . However, nominal defendants, those against whom no real relief is sought, need not join in the petition." (citation and quotation omitted)). As Frank is a nominal defendant in this action, in that his potential liability has been discharged through bankruptcy and he has no interest in the coverage dispute in this case, [Docs. ## 1-8 at 1; 6 at 7], any issue regarding Frank's consent has no bearing on the propriety of removal.

Finally, because this Court has original jurisdiction over this dispute under section 1332, Allen's argument that removal may not be based on supplemental jurisdiction does not compel remand.

## III.    Conclusion

For the reasons set forth above, Allen's Motion to Remand, [Doc. # 4], is

DENIED.


                                        /s Nanette K. Laughrey
                                        NANETTE K. LAUGHREY
                                        United States District Judge

Dated: March 31, 2014
Jefferson City, Missouri