UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| FRANKLIN ALLEN and <br> WAYNE BRYERS, <br>     Plaintiffs, <br> v. <br> ATAIN SPECIALTY INSURANCE <br> CO. ("Atain") and JOHN FRANK d/b/a <br> THE SHERIDAN APARTMENTS <br>     Defendants. | Case No. 6:13-CV-3448-NKL |

**ORDER**

Allen's motion to dismiss due to a parallel court proceeding is granted [Doc.18], but Allen's motion to dismiss based on a lack of diversity subject matter jurisdiction is denied [Doc. 26]. In light of the Court's dismissal, Atain's motion to compel, [Doc. 35], and Atain's motion for summary judgment, [Doc. 38], are denied without prejudice.

The procedural history of this case is complex, but the only relevant question currently is whether the Court should abstain given the pending garnishment action in state court. In that garnishment action, a state court judge entered a 16 million dollar judgment against Atain, finding that Atain's insurance policy covered an accidental shooting of Allen by Bryers. Allen had previously obtained a judgment in state court against Bryers for his injuries from the shooting, pursuant to section 537.065 RSMo. The shooting occurred at an apartment building owned by John Frank. Atain insured the building pursuant to a policy purchased by John Frank. Atain has consistently claimed in

1

state and federal court that there is no insurance coverage either because the shooting was intentional or because Frank did not provide accurate information to Atain when he purchased the policy. The state court has now found that the shooting was accidental, the policy was valid and Atain is liable for the 16 million dollar judgment in the underlying suit by Allen against Bryers where Atain refused to defend.

The case pending here in federal court involves a request by Allen for a declaration that there is insurance coverage for the 16 million dollar judgment and a claim by Atain to rescind the insurance policy because Frank was not truthful in his insurance application. The Court has previously found that it has subject matter jurisdiction over this removed case and it continues to believe there is diversity jurisdiction based on the proper alignment of the parties, i.e. Allen, Bryers and Frank having a common interest in having insurance coverage, and Atain seeking to avoid insurance coverage.

Nonetheless, it is clear that abstention is necessary because the state court garnishment action has for all practical purposes resolved the same issues posed here in federal court. While Frank was not a party in the state court action, the issue of the validity of the policy was raised there by Atain as an affirmative defense and given the judgment, necessarily resolved against Atain by the state judge. Under these circumstances, the only prudent thing is for the federal court to abstain. Effectively, the state court garnishment judgment and the findings necessary to support it will be res judicata here, subject only to the appeal now pending in state court. As a result the proper course is to abstain and dismiss the federal action rather than a stay, because of the

2

likelihood the matter will be finally resolved by the Missouri appellate courts and any further action by this Court would be ministerial at most.

For the reasons set forth above, Allen's motion to dismiss, [Doc. 18] is granted. Allen's motion to dismiss for lack of subject matter jurisdiction [Doc. 26] is denied and all other pending motions are denied without prejudice because they are moot.

s/ Nanette K. Laughrey

NANETTE K. LAUGHREY
United States District Judge

Dated:  October 27, 2014
Jefferson City, Missouri